a

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| RICARDO K DUKES #563960,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-00812<br>SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| KEITH DEVILLE,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 6) filed by *pro se* Petitioner Ricardo K. Dukes ("Dukes"). Dukes is an inmate in the custody of the Louisiana Department of Corrections, housed at the Concordia Parish Correctional Facility in Ferriday, Louisiana. Dukes challenges his conviction and sentence imposed in the Seventh Judicial District Court, Concordia Parish.

Because Dukes's Petition (ECF No. 6) is second and successive, it should be DISMISSED for lack of jurisdiction.

I. **Background**

Dukes pleaded guilty to manslaughter in violation of La. R.S. 14:31. He was sentenced to 25 years of imprisonment. *State v. Dukes*, 66 So.3d 598, 2010–1455 (La. App. 3 Cir. 6/1/11). On appeal, Dukes argued that his sentence was excessive. In affirming the sentence, the Louisiana Third Circuit Court of Appeal noted that manslaughter carries a maximum possible penalty of 40 years at hard labor. Thus,

the 25-year sentence imposed was just over one-half the maximum sentence that Dukes could have received. *Id.* The Louisiana Supreme Court denied writs. *State v. Dukes*, 76 So. 3d 1199, 2011–1368 (La. 12/16/11); *recons. denied*, 89 So. 3d 1179, 2011–1368 (La. 5/18/12).

Dukes filed an application for post-conviction relief in the trial court. The court conducted a hearing and denied relief. *Dukes v. LA Attorney General*, 1:14-CV-0031, ECF No. 10 at 11. Dukes's writ applications were denied by the Third Circuit and the Louisiana Supreme Court. *Id.* at 7; *State ex rel. Ricardo K. Dukes v. State*, 125 So.3d 449, 2013-1267 (La. 11/8/13).

Dukes then filed a § 2254 Petition in this Court. *See Dukes v. LA Attorney General*, 1:14-CV-0031, ECF No. 1. The Petition was denied on the merits and dismissed with prejudice. *Dukes v. LA Atty. Gen.*, 14-CV-031, 2014 WL 3858449 (W.D. La. Aug. 5, 2014).

Dukes filed another application for post-conviction relief in the trial court on an unspecified date. A hearing was conducted on July 14, 2017, at which the application was denied. ECF No. 4 at 6.

Dukes filed another post-conviction application on June 11, 2018, which was apparently denied. ECF No. 1 at 1-8. He also filed a "Petition to Proceed at Evidentiary Hearing for Post-Conviction Relief Application" on January 4, 2019, which was denied, as well. Dukes sought writs, but the writ application was denied. ECF No. 4 at 13. The Louisiana Supreme Court also denied writs, *per curiam*, noting that the post-conviction application had not been timely filed in the trial court. *State*

*v. Dukes*, 2020-01201, p. 1 (La. 3/2/21); 311 So.3d 1043, *reconsideration not considered*, 2020-01201 (La. 4/27/21).

In his current § 2254 Petition, Dukes raises claims of ineffective assistance of counsel and a claim of newly discovered evidence. ECF No. 6.

II. <u>Law and Analysis</u>

Under § 2244(a), "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus . . . ." 28 U.S.C. § 2244.

Before a second or successive petition can be filed in a district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). A habeas corpus petition is not second or successive simply because it follows an earlier federal petition. *In re: Cain*, 137 F.3d 234, 235 (5th Cir. 1998). However, the later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.* "[A]n application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 773 n. 7 (5th Cir. 1999) (citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63 (1996)).

Dukes's first § 2254 Petition was adjudicated on the merits. *Dukes v. LA Atty. Gen.*, 14-CV-031, 2014 WL 3858449 (W.D. La. Aug. 5, 2014). Dukes's new Petition is based on claims that his attorney was ineffective and that the stab wounds were not made with the type of knives that were found in Dukes's pocket. ECF No. 6. Dukes could have raised these claims in his first § 2254 petition. Therefore, his current Petition is second and successive, even though it contains new claims.

Under § 2244(b)(2), a claim presented in a second or successive § 2254 petition that was not presented in a prior petition shall be dismissed unless: (1) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244.

Dukes does not argue that his claim is based on a new rule of constitutional law that was previously unavailable, or that the factual predicate for the claim was not discoverable. Nor has Dukes obtained authorization to file a second or successive § 2254 Petition from the United States Court of Appeals for the Fifth Circuit. Until Dukes obtains authorization from the Fifth Circuit, this Court is without subject-matter jurisdiction over his Petition. *See Crone v. Cockrell*, 324 F.3d 833, 836 (5th

Cir. 2003); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999).

III. Conclusion

Because Dukes's Petition (ECF No. 6) is second and successive and Dukes has not received authorization from the Fifth Circuit, IT IS RECOMMENDED that the Petition (ECF No. 6) be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Dukes's claims.[1]

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

---

[1] *Pack v. Yusuff*, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); *Reed v. Young*, 471 F.App'x 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Tuesday, May 18, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE